UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRELL GRIMES,
    *Plaintiff*,

v.

McDONALD *et al.*,
    *Defendants*.

No. 3:20-cv-00152 (JAM)

**RULING GRANTING MOTION FOR SUMMARY JUDGMENT**

Litigation rules are not optional—even for parties without a lawyer. Because Darrell Grimes ignored an important rule, I will credit his opponents' version of the facts. And because under those facts, his opponents win, I will grant them summary judgment.

Grimes sued four prison guards, claiming that they assaulted him when he was in pretrial detention. But the guards tell a very different story: *he* attacked *them*, and they touched him only to subdue him. In their summary judgment motion, they present this story as an undisputed fact.

Grimes may well dispute it. But under the Court's local rules, to get his version of the facts before me, he should have responded to their motion. And he did not. I will thus credit the guards' story. And under it, they used reasonable force. So I will grant them summary judgment.

**BACKGROUND**

Grimes was in a Connecticut prison awaiting trial. One day, he had a fistfight with some prison guards.[1] He claims that they attacked him without warning: "all of a sudden," a guard yanked him by the neck.[2] When he resisted, he says, the guard punched him in the face.[3] Other

---

[1] First Am. Compl., Doc. #23, at 8 (¶7).
[2] *Id.* at 8 (¶¶7, 9).
[3] *Ibid.*

1

guards soon punched, kicked, and maced him.[4] He sued four of them, claiming that they caused serious injuries and violated his due process right against excessive force.[5]

The guards flatly deny that. In their telling, they did not provoke Grimes at all; instead, a guard was escorting him out of a cell when *he* suddenly punched *the guard* in the face. Two guards rushed into the cell to restrain him, but Grimes fought them too. One of them fell and was pinned under Grimes. A fourth ran in to help, but Grimes still would not stop fighting. So then a guard maced him.[6] That finally subdued him, but two of the guards had to go to the hospital and needed months to recover.[7] Grimes was charged with criminal assault; the case is pending.

Based on this version of the facts, the guards moved for summary judgment. They attached affidavits recounting their story and a statement of undisputed facts repeating it.[8] They also sent Grimes a notice telling him how to respond to their motion. The notice explained that under the Court's local rules, if Grimes wished to dispute any facts in the statement, he needed to file an opposing statement that cited specific facts in the record. Otherwise, the summary judgment motion "may be granted."[9] But Grimes never responded to the motion.

## DISCUSSION

This case turns on whose evidence to credit. As we will see, the guards' own affidavits fully vindicate them. Grimes's initial complaint, of course, does not.

His complaint counts as evidence because it is verified. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). Normally, this would mean that Grimes wins: in deciding a summary

---

[4] *Id.* at 8–9 (¶¶ 9–10).
[5] *Id.* at 9–10 (¶¶11, 14–15).
[6] Doc. #52-2, at 2–3 (¶¶12–22); Doc. #59-5, at 2 (¶¶10–15).
[7] Doc. #59-7, at 3 (¶¶29–30); Doc. #59-6, at 4 (¶¶33–34).
[8] Doc. #59-9.
[9] Doc. #59-10, at 1–2.

judgment motion, I must "view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (*per curiam*).[10]

But that is the rule only if the opponent has teed up the evidence properly. Grimes has not. Under the Court's local rules, when someone asserts that facts are undisputed and moves for summary judgment, the opponent "shall" file a response. In that response, the opponent must give a "specific citation" to refute every fact that he contests. D. Conn. L. Civ. R. 56(a)(2)–(3). If not, this "may result in the Court deeming admitted certain facts" provided that "the motion and supporting materials show that the movant is entitled to judgment as a matter of law." D. Conn. L. Civ. R. 56(a)(3).

Thus, as the Second Circuit has explained, "[t]he non-moving party need not respond to the motion" for summary judgment, but "a non-response runs the risk of unresponded-to statements of undisputed facts [proffered] by the movant being deemed admitted." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014). In other words, "[p]laintiffs who ignore their obligations under Local Rule 56.1 do so at their own peril." *Genova v. Cty. of Nassau*, 851 F. App'x 241, 244 (2d Cir. 2021) (applying similar local rule of the Southern and Eastern District of New York).

What about the fact that Grimes has filed a verified complaint? The Second Circuit has made clear that "a verified complaint may serve as an affidavit for summary judgment purposes," but "[t]his does not mean, however, that parties opting to file a verified complaint earn a special pass to avoid Local Rule 56.1." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000).

---

[10] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

To be sure, a court has broad discretion to overlook a party's failure to comply with local court rules including the rules that structure how an opposing party must respond to a motion for summary judgment. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). I won't overlook the rules here. Grimes received a very clear notice of his obligation to file an objection or response to the motion for summary judgment and of the particulars for filing a statement to controvert the factual statements of the defendants.[11] I made sure that the defendants had properly served the motion and notice on him.[12] I also entered an order extending the time for Grimes to file a response to the summary judgment motion, along with an advisory reminding him again of his "obligation to comply with the filing requirements of Rule 56 and Local Rule 56 as detailed in the Notice to Self-Represented Litigant that has been served on plaintiff by defendants."[13]

Grimes later moved for an extension of time and filed other motions.[14] I rejected his argument that he was not able or competent to litigate his case.[15] Once again, I entered an order extending the time for Grimes to file any objection to the summary judgment motion, noting that any objection must include "the filing of a statement of material facts if plaintiff wishes to contest the facts as stated by the defendants."[16] But despite being granted multiple extensions and advised of the necessity to file an objection or other response, Grimes never did so.

I can't help but think that Grimes may have strategic reasons of self-interest for failing to file any objection or response to the summary judgment motions. For one thing, he may have found rather convincing the defendants' accounts as stated in great detail in their summary

---

[11] Doc. #59-10 (notice to self-represented litigant as required under D. Conn. L. Civ. R. 56(b)).
[12] Docs. #62, #64.
[13] Doc. #66.
[14] Docs. #72, #73, #74, #77.
[15] Doc. #80 (adopting reasons stated by the defendants in their well-supported opposition to the motion to appoint counsel).
[16] *Ibid.*

judgment affidavits. He may no longer trust his recollection of the events and prefer not to engage in reckless or perjurious statements in pursuit of what he now sees or thinks is a lost cause.

More recently, Grimes has filed a motion for settlement, stating in part that "I don't want to go[] on with the case no more."[17] Whatever the real reason that Grimes has failed to oppose the motion for summary judgment, it is likely enough that there may be reasons of self-interest—and beyond mere oversight—why Grimes has failed to oppose the motion for summary judgment and to comply with the Court's local rules.

So that leads me to credit the defendants' well-supported version of the facts. And under this version, Grimes loses. "[T]he Due Process Clause protects a pretrial detainee from the use of *excessive* force." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015) (emphasis added). Prison guards may use *some* force "to preserve internal order and discipline and to maintain institutional security," as long as it is not "excessive in relation to that purpose." *Ibid.*

Here, the guards did that and nothing more. Grimes was attacking them—viciously enough that two would need to go to the hospital. And he had pinned one of them down, maybe threatening worse. When the guards grabbed and maced him, they were acting in reasonable self-defense. No reasonable jury who credited the defendants' version could find that their force was excessive.

Grimes also complains that some of the guards wrongly stood by while the others used excessive force. *See Sloley v. VanBramer*, 945 F.3d 30, 46–47 (2d Cir. 2019). But none of the guards used excessive force in the first place, so this claim fails too.

---

[17] Doc. #85 at 1.

## CONCLUSION

The defendants' motion for summary judgment (Doc. #59) is GRANTED. The Clerk of Court shall close the case.

Dated at New Haven this 25th day of August 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge